IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

FILED

18 DEC 10 AM 11: 25

EDUARDO MARTINEZ,
    Petitioner,

v.

CASE NO. 1:15-cr-1

1:18-cv-232

UNITED STATES OF AMERICA,
    Responent.
_____/

## MOTION TO HOLD IN ABEYANCE A MOTION TO VACATE SENTENCE FILED UNDER 28 U.S.C. § 2255

**COMES NOW,** the Petitioner, Eduardo Martinez, by and through Pro se, who respectfully MOVES this Honorable District Court for the Northern District of Indiana to stay and abey the habeas corpus proceedings invoked by the Petitioner in his second petition filed under § 2255. Please see Smith v. Kemper, 2018 U.S. Dist. LEXIS 26361 (E.D. Wis. February 20, 2018)(citing Rhines v. Weber, 544 U.S. 269, 278, 125 S. Ct. 1528, 161 L. Ed.2d 440 (2005). "For that reason, the Supreme Court has 'instructed prisoners who are unsure about whether they have properly exhausted state remedies, to file a 'protective' petition in federal court and ask the federal court to stay and abey the federal habeas proceedings until state remedies are exausted.'")(citing also Tucker v. Kingston, 538 F.3d 732, 735 (7th Cir. 2008)(quoting Pace v. Diguglielmo, 544 U.S. 408, 416, 125 S. Ct. 1807, 161 L. Ed.2d 669 2005)).

The Petitioner hereby asserts stay and abeyance is necessary up an until a previous motion filed under § 2255 that is currently pending before this Court is resolved. In his previous § 2255 motion, the

Petitioner conteds that he received ineffective assistance of counsel because his trial counsel failed to timely file a notice of appeal with the district court on his behalf. Up to now, the government has filed its response to such Petitioner's claim and the Petitioner has filed his reply to the government's response in opposition.

The Petitioner files the foregoing "protective" § 2255 motion in order to be within the AEDPA's one-year period of limitations. This Court issued a judgement and commitment order on November 20, 2017, and the Petitioner's period to file a timely notice of appeal expired on December 25, 2017. Therefore, this the Petitioner's second "protective" § 2255 motion is tiemly filed with this Court.

In this § 2255 motion for habeas corpus, the Petitioner does contend he received ineffective assistance of counsel at presentencing and sentencing stages of the proceedings. The Petitioner hereby asserts that in a timely manner he would file and amended § 2255 motion and a supporting memoradum of law if this Court so authorize.

Respectfully submitted this 30th day of November of 2018.

_____
Eduardo Martinez
Reg. No. 13976-027, Unit VP-A
Federal Correctional Institution II
P.O. Box 5010
Oakdale, Louisiana 71463

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that an original copy of both this motion and the § 2255 motion/form have been delivered to the United States Attorney's Office at: Anthony W. Geller, AUSA, 1300 Harrison St., Room 3128, Fort Wayne, IN 46802, by depositing same with enough pre-paid postage in the institution's legal mail system and to be sent though the U.S. Postal Service on this 30th day of November of 2018.

_____

AO 243 (Rev. 09/17)

## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court **NORTHERN** | District **OF INDIANA - FORT WAYNE** | |
|---|---|---|
| Name *(under which you were convicted)*: **Eduardo Martinez** | | Docket or Case No.: |
| Place of Confinement: **Oakdale Federal Complex - FCI II** | Prisoner No.: **13976-027** | |
| UNITED STATES OF AMERICA  v.  **EDUARDO MARTINEZ** | | Movant *(include name under which convicted)* |

## MOTION

1. (a) Name and location of court which entered the judgment of conviction you are challenging:
   United States District Court for the Northern District of Indiana, Fort Wayne Division, 1300 S. Harrison Street, Suite 1108, Fort Wayne, IN 46802

   (b) Criminal docket or case number (if you know): **1:15-cr-1**

2. (a) Date of the judgment of conviction (if you know): **On or about November 24, 2017**
   (b) Date of sentencing: **November 20, 2017**

3. Length of sentence: **324 months**

4. Nature of crime (all counts): Possession with intent to distribute controlled substances, a violation of 21 U.S.C. § 841(a)(1) (Counts 2 and 4); possession of a firearm as an illegal alien, a violation of 18 U.S.C. § 922(g)(1) (Count 8).

5. (a) What was your plea? (Check one)
   (1) Not guilty ☐      (2) Guilty [X]      (3) Nolo contendere (no contest) ☐

6. (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

6. If you went to trial, what kind of trial did you have? (Check one)      Jury ☐      Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?      Yes ☐      No ☐

AO 243 (Rev. 09/17)

8. Did you appeal from the judgment of conviction?   Yes ☐   No ☒

9. If you did appeal, answer the following:
   (a) Name of court: _____
   (b) Docket or case number (if you know): _____
   (c) Result: _____
   (d) Date of result (if you know): _____
   (e) Citation to the case (if you know): _____
   (f) Grounds raised:




   (g) Did you file a petition for certiorari in the United States Supreme Court?   Yes ☐   No ☒
       If "Yes," answer the following:
       (1) Docket or case number (if you know): _____
       (2) Result: _____

       (3) Date of result (if you know): _____
       (4) Citation to the case (if you know): _____
       (5) Grounds raised:




10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?
    Yes ☒   No ☐

11. If your answer to Question 10 was "Yes," give the following information:
    (a) (1) Name of court: U.S. District Court Northern District of Indiana at Fort Wayne
        (2) Docket or case number (if you know): 1:18-cv-232
        (3) Date of filing (if you know): July 30, 2018

AO 243 (Rev. 09/17)

    (4) Nature of the proceeding: a motion under 28 U.S.C. § 2255

    (5) Grounds raised: Defense Counsel's ineffective assistance for his failure to file a timely notice of appeal on the Petitioner's behalf.

    (6) Did you receive a hearing where evidence was given on your motion, petition, or application?
        Yes ☐    No ☐

    (7) Result: It is still pending before the district court

    (8) Date of result (if you know):

(b) If you filed any second motion, petition, or application, give the same information:

    (1) Name of court:

    (2) Docket of case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

    (6) Did you receive a hearing where evidence was given on your motion, petition, or application?
        Yes ☐    No ☐

    (7) Result:

    (8) Date of result (if you know):

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

    (1) First petition:     Yes ☐    No ☐
    (2) Second petition:    Yes ☐    No ☐

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

AO 243 (Rev. 09/17)

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

## GROUND ONE: Claim of Ineffective Assistance of Counsel. Defense Counsel...

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

In this Ground One, the Petitioner Martinez contends that his defense counsel was ineffective because he failed to object to the two level sentencing enhancement for the firearm conviction under 18 U.S.C. § 922(g); such enhancement of two levels did not apply because the Petitioner did receive a sentence of 120 months for that conviction. The sentence of 120 months was ordered concurrent with the sentence imposed for the drug trafficking violations. Id. 21 U.S.C. § 846 and § 841(a)(1). The two level enhancement do represent a double counting in the Petitioner's actual sentence.

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐   No ☒

(2) If you did not raise this issue in your direct appeal, explain why:

Defense counsel failed to file a timely notice of appeal with the district court.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☐   No ☒

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?
Yes ☐   No ☐

AO 243 (Rev. 09/17)

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐   No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes ☐   No ☐

(6) If your answer to Question (c)(4) is "Yes," state:
Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____
Date of the court's decision: _____
Result (attach a copy of the court's opinion or order, if available):

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

GROUND TWO:   **Claim of Ineffective Assistance of Counsel. Defense Counsel...**

In this Ground Two, the Petitioner Martinez contends that his defense counsel was ineffective because he faile to object to the four (4) level sentencing enhancement under USSG § 3B1.1 for his role in the offense. The Petitioner contends there were no sufficient basis to support such four (4) level enhancement and that at the most two levels enhancement would have been more adequate. The defense counsel nonetheless failed to file a timely objection to such enhancement.

(b) Direct Appeal of Ground Two:
(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐   No ☒

AO 243 (Rev. 09/17)

(2) If you did not raise this issue in your direct appeal, explain why:

Defense counsel failed to file a timely notice of appeal with the district court.

(c) **Post-Conviction Proceedings:**
  (1) Did you raise this issue in any post-conviction motion, petition, or application?
      Yes [ ]    No [X]
  (2) If you answer to Question (c)(1) is "Yes," state:
  Type of motion or petition: _____
  Name and location of the court where the motion or petition was filed:

  Docket or case number (if you know): _____
  Date of the court's decision: _____
  Result (attach a copy of the court's opinion or order, if available):


  (3) Did you receive a hearing on your motion, petition, or application?
      Yes [ ]    No [ ]
  (4) Did you appeal from the denial of your motion, petition, or application?
      Yes [ ]    No [ ]
  (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
      Yes [ ]    No [ ]
  (6) If your answer to Question (c)(4) is "Yes," state:
  Name and location of the court where the appeal was filed:

  Docket or case number (if you know): _____
  Date of the court's decision: _____
  Result (attach a copy of the court's opinion or order, if available):


  (7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

AO 243 (Rev. 09/17)

GROUND THREE: <u>Claim of Ineffective Assistance of Counsel. Defense Counsel...</u>

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

In this Ground Three, the Petitioner Martinez contends that his defense counsel was ineffective because he failed to timely object to the two (2) level sentencing enhancement under USSG 2D1.1(b)(12) applied because the Petitioner allegedly maintained a premise for the purpose of manufacturing or distributing a contolled substance. The Petitioner does assert such enhancement should have been challenged because there is no sufficient evidence to support such application. Defense counsel was ineffective because he failed to object and later challenge such unwarranted sentencing enhancement.

(b) **Direct Appeal of Ground Three:**
   (1) If you appealed from the judgment of conviction, did you raise this issue?
      Yes ☐    No ☒
   (2) If you did not raise this issue in your direct appeal, explain why:

Defense counsel failed to timely file a notice of appeal with the district court.

(c) **Post-Conviction Proceedings:**
   (1) Did you raise this issue in any post-conviction motion, petition, or application?
      Yes ☐    No ☒
   (2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

   (3) Did you receive a hearing on your motion, petition, or application?
      Yes ☐    No ☐
   (4) Did you appeal from the denial of your motion, petition, or application?
      Yes ☐    No ☐
   (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
      Yes ☐    No ☐

AO 243 (Rev. 09/17)

    (6) If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed:

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

    (7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND FOUR:**   N/A

    (a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Four:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☐     No ☐

    (2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ☐     No ☐

    (2) If you answer to Question (c)(1) is "Yes," state:

AO 243 (Rev. 09/17)

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?
   Yes ☐   No ☐

(4) Did you appeal from the denial of your motion, petition, or application?
   Yes ☐   No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
   Yes ☐   No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

13. Is there any ground in this motion that you have not previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

None of the claims presented herein have been presented to any other court on any other motion for relief. See Massaro v. United States, 538 U.S. 500, 509, 155 L. Ed.2d 714, 123 S. Ct. 1690 (2003).

AO 243 (Rev. 09/17)

14. Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the you are challenging?     Yes [X]     No [ ]

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

    Motion under 28 U.S.C. § 2255 filed in the United States District Court for the Northern District of Indiana. Claim that defense counsel was ineffective for he failed to timely file a notice of appeal and to file an direct appeal on the Petitioner's behalf.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

    (a) At the preliminary hearing:
    Patrick J. Arata, Arata Law Firm. 1400 Lincoln Tower, 116 E. Berry St. For Wayne IN

    (b) At the arraignment and plea:    46802
    Same

    (c) At the trial:
    Same.

    (d) At sentencing:

    (e) On appeal:
    None.

    (f) In any post-conviction proceeding:
    None.

    (g) On appeal from any ruling against you in a post-conviction proceeding:

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time?    Yes [ ]    No [X]

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?    Yes [ ]    No [X]

    (a) If so, give name and location of court that imposed the other sentence you will serve in the future:

    (b) Give the date the other sentence was imposed:
    (c) Give the length of the other sentence:
    (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?    Yes [ ]    No [ ]

AO 243 (Rev. 09/17)

Therefore, movant asks that the Court grant the following relief:

To hold the foregoin § 2255 motion to vacate sentence in abeyance until a previous motion pending before this Court is resolved.

or any other relief to which movant may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on _____11-30-2018_____ .
(month, date, year)

Executed (signed) on ___11-30-2018___ (date)

_____
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

